**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| JULIO CESAR CHAVEZ ORTIZ, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | |
| ) | No. 2:26-cv-02894-SHL-tmp |
| CHRISTOPHER BULLOCK, Field Office ) | |
| Director of U.S. Immigration and Customs ) | |
| Enforcement, New Orlean Field Office, ) | |
|     Respondent. ) | |

**ORDER DENYING RESPONDENT'S MOTION TO TRANSFER PETITION**

By motion filed July 27, 2026, Respondent Christopher Bullock seeks to transfer pro se Petitioner Julio Cesar Chavez Ortiz's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus to the United States District Court for the Southern District of Mississippi. (ECF No. 7.) For reasons explained below, the Motion is **DENIED**.

In the early morning of July 17, 2026, ICE agents encountered Petitioner at a gas station in the Nashville, Tennessee, area and arrested him. (ECF Nos. 1 at PageID 2; 7 at PageID 13.) ICE then transported Petitioner to the West Tennessee Detention Facility. He was confined there on July 20, 2026, when he filed this Petition, challenging his continuous detention without being provided a bond hearing. (ECF No. 1 at PageID 2–3, 5 (listing Petitioner's mailing address as the West Tennessee Detention Facility).)

The next morning, ICE transferred Petitioner to the Adams County Correctional Center in Natchez, Mississippi. (ECF No. 7 at PageID 13.) Because of that transfer, Respondent now argues that, under <u>Rumsfeld v. Padilla</u>, 542 U.S. 426 (2004), this Court lacks jurisdiction over the Petition and must either dismiss it without prejudice or transfer it to the Southern District of

Mississippi.  (ECF No. 7 at PageID 14.)

Respondent's Motion is baseless, which is clear from the holding of the main authority he relies on.  In Rumsfeld, the Court stated,

> Endo stands for the important but limited proposition that when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release.

Rumsfeld, 542 U.S. at 441 (discussing Ex parte Mitsuye Endo, 323 U.S. 283 (1944)).  And, under Rumsfeld, a court's jurisdiction over the habeas matter vests "at the time of filing"—it is about what was happening at the moment the petition was filed, not what happened afterward. Gilmore v. Ebbert, 895 F.3d 834, 837 (6th Cir. 2018) (citing Rumsfeld, 542 U.S. at 435).  Here, Chavez Ortiz's "district of confinement" on July 20, 2026, the time of filing, was the Western District of Tennessee, not the Southern District of Mississippi.[1]  542 U.S. at 443.  Moreover, he originally named both the Warden of the West Tennessee Detention Facility and Christopher Bullock as Respondents.  (ECF No. 1 at PageID 1.)

Therefore, the Court retains jurisdiction over the instant Petition and Respondent's Motion is **DENIED**.  Id.; see also Watts v. Bogan, 50 F.3d 11 (Table), 1995 WL 108993, at *1 (6th Cir. Mar. 14, 1995) (noting that a petition for a writ of habeas corpus under § 2241 is only properly filed "in the district court having jurisdiction over [petitioner's] custodian.").  Given the foregoing, Respondent is **ORDERED**, at the Government's sole expense, to immediately

---

[1] Other cases cited by Respondent further demonstrate why the Motion is meritless.  For instance, in Wooten v. United States, No. 23-1072, 2023 WL 5519152 (6th Cir. Aug. 23, 2024), a federal prisoner filed a habeas petition while confined in the Middle District of Pennsylvania. Id. at *1.  That court then transferred his petition to his sentencing court in Michigan.  Id.  There, the Michigan district court lacked jurisdiction because the prisoner was not confined in that district at the time of filing.  Id. at *2.  Conversely, here, Chavez Ortiz was confined in this District at the time of filing.

transfer Petitioner back to the West Tennessee Detention Facility pending a disposition on the Petition. Furthermore, Respondent is **ORDERED** to file a written response to the Petition within **three business days** after this Order. No late responses will be considered.

IT IS SO ORDERED, this 27th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE