**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JULIO CESAR CHAVEZ ORTIZ,<br>Petitioner,<br><br>v.<br><br>WEST TENNESSEE DETENTION FACILITY,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02894-SHL-tmp |

**ORDER GRANTING PETITION**

On July 20, 2026, Petitioner Julio Cesar Chavez Ortiz filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) He challenges his continued detention without a bond hearing. (Id. at PageID 2–3.) Respondent timely filed its response on July 27. (ECF No. 9.) Respondent concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, 175 F.4th 713 (6th Cir. 2026), governs this matter, but urges the Court to require Petitioner to exhaust his administrative remedies. (Id. at PageID 29.)

For the reasons stated below, the Petition is **GRANTED** and Respondent is **ORDERED** to immediately release Petitioner from custody.

**BACKGROUND**

Petitioner is a Mexican citizen born in 1994 who entered the United States sometime in 2017 without inspection or being paroled into the country. (ECF No. 1 at PageID 2.) Most recently, he maintained his primary residence in Nashville, Tennessee. (Id.) He has a wife who is a United States citizen and a two-year-old child. (Id. at PageID 3.) On July 17, 2026, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner at a gas station in the Nashville, Tennessee area and arrested him. (ECF Nos. 1 at PageID 2; 7 at PageID 13.) ICE

then transported Petitioner to the West Tennessee Detention Facility. He was confined there on July 20, 2026, when he filed this Petition, challenging his continuous detention without being provided a bond hearing. (ECF No. 1 at PageID 2–3, 5 (listing Petitioner's mailing address as the West Tennessee Detention Facility).) He asserts that ICE's arrest of him lacks "any underlying criminal infraction or regulatory cause" and violates his due process rights. (Id. at PageID 3.)

**ANALYSIS**

Respondent concedes that Lopez-Campos "cover[s]" this matter. (ECF No. 9 at PageID 29.) That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not 'seeking admission.'" Lopez-Campos, 175 F.4th at 732. Thus, 8 U.S.C. § 1226(a), and the bond hearing process within, applies to Petitioner. Nevertheless, Respondent maintains that "the Court should require Petitioner to exhaust administrative remedies" before granting relief. (ECF No. 9 at PageID 31.)

However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**. The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief. McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); In re Yajure Hurtado, 29 I. & N. Dec. 216, 225 (B.I.A. 2025) (holding that an immigration judge "lack[s] authority to hear bond requests or to grant bond to aliens who are present in the United States without admission").

Chavez Ortiz "rightfully state[s] that [he has] a liberty interest to be free from detention."

Lopez-Campos, 175 F.4th at 734. ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside. Thus, Petitioner is entitled to immediate release. See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, and after consideration of the record, the Petition is **GRANTED**.

## CONCLUSION

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to immediately release Chavez Ortiz from custody. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **three business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 21st day of August, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE